UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dorothy I. Feist, individually and as
trustee for the heirs and next of kin of
Brian Keith Feist, deceased,

                Plaintiff,

                                      **ORDER**
v.                                          Civil No. 97-1882 ADM/AJB

Bradley Jon Simonson,

                Defendant.

---

Robert Bennett, Esq., Gartner, Bennett, & Schupp, Minneapolis, Minnesota, appeared on behalf of Plaintiff.

Timothy S. Skarda, Esq., and Burt T. Osborne, Esq., Assistant City Attorneys, Minneapolis, Minnesota, appeared on behalf of Defendant.

---

**I. Procedural Background**

Plaintiff asserted claims under 42 U.S.C. § 1983 against several police officers and the City of Minneapolis. On February 9, 1999, the undersigned United States District Judge, dismissing all other named defendants, denied Defendant Bradley Jon Simonson's motion for summary judgment on the ground of qualified immunity. The City subsequently appealed this Court's decision. Prior to the appellate decision, however, Plaintiff filed a motion for attorneys' fees, pursuant to 42 U.S.C. § 1988, that was heard on May 2, 2000.

The Eighth Circuit affirmed the denial of summary judgment on July 25, 2000. On August 1, 2000, this Court deferred ruling on the issue of attorneys' fees pending resolution of the underlying case. The parties subsequently settled the underlying case for $500,000.

Plaintiff now renews her motion for attorneys' fees, requesting a 100% fee enhancement

SEP 1 4 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the $215,270.50 billed by her counsel. In other words, Plaintiff seeks to recover $430,541 in costs and attorneys' fee. Plaintiff signed a Retainer Agreement, providing:

> I agree to pay a legal fee in the amount of thirty-three and one-third percent (33-1/3%) of the gross or total recovery of all claims arising out of the wrongful death of Brian Feist, including civil rights claims, in any single or multiple cash payment, whether as a result of settlement or trial or the amount awarded by the court under 42 U.S.C. § 1988 after the trial or settlement, whichever is greater.

## II. Discussion

Although not admitting liability, Defendant concedes for present purposes, that Plaintiff is the "prevailing party." Pursuant to 42 U.S.C. § 1988, a district court may, in its discretion, allow a prevailing party to recover reasonable attorneys' fees. Little Rock Sch. Dist. v. Special Sch. Dist. 1, 17 F.3d 260, 262 (8th Cir.1994). In determining reasonable attorneys' fees in civil rights cases, courts must balance granting fees adequate to attract competent counsel while avoiding windfalls to attorneys. See Blanchard v. Bergeron, 489 U.S. 87, 92 n.6 (1989).

The Court must establish the lodestar amount by "multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation." Id. at 94. After considering the nature of the case, the settlement amount, the retainer agreement, the time and costs expended, and the hourly rate charged by counsel, the Court has determined the reasonable lodestar amount to be $175,000.

The Court may adjust the lodestar amount upwardly or downwardly. In exercising its discretion to adjust the lodestar, the Court may choose to consider any of the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

> limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See id. at 91 n.5; see also Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1074 (8th Cir.1991).

"An upward adjustment to an attorney's lodestar hourly rate is permissible in 'certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" Forshee v. Waterloo Indus., Inc., 178 F.3d 527, 532 (8th Cir. 1999) (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (internal quotations omitted). In Forshee, the Eighth Circuit concluded that it was an abuse of discretion for the district court to enhance fees even though plaintiff prevailed in a jury trial. See id. The Eighth Circuit reasoned that "[1] the case was not unusually difficult or complex to prepare and try . . . and [2] the district court made no 'detailed findings' that would justify an enhanced fee award." Id.

The facts of this case do not warrant a fee enhancement. A jury trial has not been held and no detailed findings have been made. While the facts of this case are compelling, this Court cannot say that it is rare and exceptional. Accordingly, the Court finds that $175,000 is reasonable and is not subject to either an upward or downward adjustment.

### III. Conclusion

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion for costs, including attorneys' fees, is **GRANTED in the amount of $ 175,000.00.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2000